AMERICAN INVSCO REALTY, INC., Plaintiff-Appellant and Cross-Appellee, *v.* CENTURY 21, ROHTER & COMPANY, Defendant-Appellee and Cross-Appellant.

First District (2nd Division)    No. 80-709

Opinion filed April 28, 1981.

Sonnenschein, Carlin, Nath & Rosenthal, of Chicago (Robert C. Johnson and Mark Simon, of counsel), for appellant.

Paul H. Strecker, of Chicago (Hanson & Shire, P. C., of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, American Invsco Realty, Inc. (American), filed a petition under section 12(a)(3) of the Uniform Arbitration Act (Ill. Rev. Stat. 1977, ch. 10, par. 112(a)(3)) seeking vacature of a $20,000 arbitration award in favor of defendant Century 21, Rohter & Company (Rohter). The circuit court granted defendant's motion to dismiss the petition, confirmed the award with interest, and denied defendant's request for costs and attorney's fees. On appeal, plaintiff asks this court to determine whether it was error to dismiss the petition, and defendant asks whether the local real estate board agreement clearly requires assessment of litigation costs and fees against plaintiff.

During 1977, American and Rohter were engaged in the real estate brokerage business. Both were members of the North Side Real Estate Board (Board),[1] and both participated in the Board's cooperative listing service. On July 27, 1977, Rohter filed a complaint with the Board's arbitration committee. Rohter sought money damages arising from American's alleged violation of a rule contained in the Board's constitution and bylaws.

The complaint incorporated, by reference, a letter setting forth the following allegations. In mid-June of 1977, American became the listing firm for a multiple residence high-rise building. After a Rohter employee, Joseph Farago, inspected the building, he submitted to its owner, through American employee Anthony Loukas, clients' offers to purchase the building. The owner rejected each offer as inadequate. On July 13, Farago submitted another offer which the owner also rejected. The owner stated, however, he would accept an offer of $1,565,000. Farago requested a signed counteroffer, but Loukas objected. Loukas stated at that time he had no other offers to present to the seller. Farago then indicated he would "get back in touch with them both in the morning." After Farago left, Loukas presented another offer to the seller. It was rejected. At 11 the next morning, Farago called Loukas to arrange a time to submit a purchase contract to the seller. Loukas asked Farago to call back at noon. When Farago called back, Loukas stated he and the owner were going out to visit the building. Loukas asked Farago to call again to "firm up" a meeting with the seller. Farago called back at 12:45 p.m. Loukas then informed Farago that the seller had "just accepted another

---

[1] The Board is a nonprofit corporation organized to promote friendly cooperation among its membership which includes real estate brokerage firms, brokers and salespersons in Chicago, Illinois. The Board gathers and disseminates brokerage, management and financial information for the benefit of its members.

offer." At 2 p.m. Farago delivered a signed contract for $1,565,000 accompanied by a check to American.

American responded to the above stated allegations by generally accusing Farago of attempting to "brow beat" the seller and by denying any wrongdoing. American claimed the seller stated to Farago he "might accept $1,565,000, but that he would have to further consult his accountant." American asserted the seller accepted an offer in excess of $1,565,000 which had been delivered from its downtown office between telephone conversations with Farago. American concluded it dealt with Rohter in a manner satisfying the Board's rules.

The Board's arbitration committee received evidence during a hearing and rehearing of the complaint. Thereafter, it issued an award granting Rohter $20,000, a sum equal to one-fourth of the commission paid on the sale of the building. Disciplinary action against American was also invoked.

American then filed the instant petition to vacate the award. In response to an order of the circuit court, the Board's arbitration committee filed its statement setting forth the basis for the award. The circuit court granted Rohter's motion to dismiss, entered judgment confirming the award with interest, and denied Rohter's request for attorney's fees and costs.

## I
### A.

American contends on appeal that the award should be vacated because it exceeds the arbitrators' authority. American argues that its conduct did not amount to any violation of the Board's rules. Furthermore, American claims that if it violated a Board rule, such violation is insufficient to support the instant award in the absence of a rule specifically providing for monetary awards. Finally, American asserts Rohter's arbitration complaint failed to set forth a legally cognizable cause of action.

■■■ Evaluation of American's arguments requires restatement of the principles governing our review of arbitration awards. Vacature of an award is statutorily authorized when arbitrators exceed their powers. (Ill. Rev. Stat. 1977, ch. 10, par. 112(a)(3).) Since the agreement of the parties fixes the "conditions, limitations and restrictions to be observed by the arbitrator in making his award" (*Pillott v. Allstate Insurance Co.* (1977), 48 Ill. App. 3d 1043, 1048, 363 N.E.2d 460), the agreement defines the limits of the arbitrator's powers. (See generally *Country Mutual Insurance Co. v. National Bank* (1969), 109 Ill. App. 2d 133, 137-38, 248 N.E.2d 299, *appeal denied* (1969), 42 Ill. 2d 583 (agreement implicitly incorporated limitations statute provisions which barred claim).) Where a dispute is within the scope of the agreement's arbitral submission provision, an

honest decision should be final. (*Garver v. Ferguson* (1979), 76 Ill. 2d 1, 8-9, 389 N.E.2d 1181.) The validity of an award is not dependent upon issuance of reasons in support thereof (*Pillott v. Allstate Insurance Co.*, at 1047), because, *inter alia*, it is "presumed that the arbitrator did not exceed his authority" (*Wilcox Co. v. Bouramas* (1979), 73 Ill. App. 3d 1046, 1051, 392 N.E.2d 198). Consequently, where an award is challenged as invalid, the challenger has the burden of proving his contention by clear, strong and convincing evidence. (73 Ill. App. 3d 1046, 1052-53.) Thus, it has been traditionally held that once a good faith award is announced, it will not be set aside unless "gross errors of judgment in law or * * * gross mistake of fact * * * are apparent upon the face of the award." (*Garver v. Ferguson* (1979), 76 Ill. 2d 1, 10-11; see also *White Star Mining Co. v. Hultberg* (1906), 220 Ill. 578, 601, 77 N.E. 327; *Darst v. Collier* (1877), 86 Ill. 96, 100.) Accordingly, judicial review of an arbitration award is more limited than appellate review of a trial court's decision. *Garver v. Ferguson*, at 8.

## B.

■■ We believe that in the light of the above stated principles restricting judicial review of the instant award, the circuit court properly dismissed American's petition. Rohter's arbitration complaint alleged American violated the Board's rule 12. The complaint requested damages of $40,000. The Board's rules require members to cooperate fully and fairly. Rule 12 states, in pertinent part, "all participants involved shall be notified at once that more than one sales contract is being submitted. * * * In the event the seller does not accept any sales contract * * *, all participants involved shall be immediately so notified, and shall * * * be informed that at a time and place as selected by the seller, the seller may entertain new sales contracts." The arbitrators' award simply found American owed to Rohter $20,000. The award also announced disciplinary action against American for "conduct violative of [Board] rules." The arbitrators set forth the basis for their award in a subsequent statement required by the circuit court:

> "The facts substantiate that [American], in violation of [Board] rules, unduly obstructed [Rohter] in the latter's efforts to present an offer from its purchaser, who was ready, willing and able to purchase the [building] on terms acceptable to the seller, so that [American's client] might enter into a contract to purchase same."

Although the instant record includes a sparse complement of facts supporting this award, we are restricted by the rule of Illinois case law limiting our scope of review.[2] The arbitrators' finding that American wrongfully obstructed Rohter does not amount to a "gross mistake of

---

[2] This court, like the court in *Erbach & Haunroth Realtors v. Burnett* (1975), 31 Ill. App. 3d 236, 238, 333 N.E.2d 592, notes "[t]he trial court did not have before it the record before the arbitrator and was not entitled to it. Neither is this court."

fact." (See *Garver v. Ferguson*, at 10-11.) Similarly, we believe the conclusion that such obstruction violated the Board's rule 12 does not constitute a "gross error of judgment in law * * * apparent upon the face of the award." *Garver v. Ferguson*.

### C.

■■■ American also claims the arbitrators are without authority to issue monetary awards. Arbitral issues "have their birth in and are delineated by the arbitration contract between the parties." (*Harrison F. Blades, Inc. v. Jarman Memorial Hospital Building Fund, Inc.* (1969), 109 Ill. App. 2d 224, 226, 248 N.E.2d 289, *appeal denied* (1969), 42 Ill. 2d 583, citing *Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 242 N.E.2d 149; see generally *Ozdeger v. Altay* (1978), 66 Ill. App. 3d 629, 632, 384 N.E.2d 82.) The arbitration agreement between these parties (*i.e.*, the Board's constitution and bylaws) anticipates a claim for money damages. The agreement provides, "each member of the [Board] agrees to and shall submit to arbitration by the arbitration committee, *all monetary disputes* among them arising out of the operation of the real estate business." (Emphasis added.) The instant arbitration complaint clearly reflects that Rohter and American have a "monetary dispute." The agreement also provides, "[t]he arbitration committee shall have jurisdiction to hear, decide and *render awards* in all matters involving monetary disputes * * *" among members. (Emphasis added.) Hence, the instant agreement plainly empowers the arbitrators to resolve disputes by awarding monetary damages.

### D.

■■ American argues next that the award exceeded the arbitrators' power because Rohter's complaint failed to set forth on its face a legally cognizable claim. American cites *Country Mutual Insurance Co. v. National Bank of Decatur* for the proposition that where an arbitrator issues an award based upon a complaint which fails to state a cause of action, the award must be vacated. Our reading of *Country Mutual* reveals it is not applicable to the instant facts. There, an insurance contract arbitration provision specifically required claimants to have a legal entitlement to recovery of damages from uninsured motorists who cause injury. The claimants filed their arbitration claims after the statutory limitations provision barred any action against the uninsured motorist who caused injury to the insureds. The claimants no longer had a cause of action against the wrongdoer and, therefore, they were barred from recovery under the terms of the policy. An arbitration award contravening the legal entitlement requirement was accordingly vacated. Here, American fails to identify any provision in the Board's constitution and bylaws which predicates issuance of a monetary award upon existence of a legally cognizable claim. Absent contractual language to the contrary,

where an honest dispute exists the assertion of a legal cause of action apparently is not necessary to authorize arbitral submission and award. (See, e.g., *Cocalis v. Nazlides* (1923), 308 Ill. 152, 158, 139 N.E. 95.) Consequently, we conclude American has failed to prove by clear, strong and convincing evidence that the arbitrators' findings and conclusions constitute "gross error."[3] Therefore, we do not find the arbitrators exceeded their power. See Ill. Rev. Stat. 1977, ch. 10, par. 112(a)(3).

## II

■■ On cross-appeal Rohter contends the circuit court erred when it refused to award it litigation expenses. The Board's constitution and by-laws provide, *inter alia*:

"Any member to whom an award shall have been made, who shall not have received full payment thereof within 90 days * * * shall be entitled to apply to any court * * * for confirmation of the award * * *; and in such event the member against whom such award was made, shall pay to the member to whom the same was made, all expenses of such litigation, including court costs and attorney's fees, which may be included in any judgment or decree entered by the court."

Although the circuit court confirmed the arbitration award, it did so not because Rohter applied for confirmation but because the Illinois Uniform Arbitration Act requires confirmation when application to vacate an award is denied under the instant circumstances. (See Ill. Rev. Stat. 1977, ch. 10, par. 112(d).) Rohter's litigation expenses were incurred in defending its award and not in efforts to collect from a delinquent member. Furthermore, although the instant Board provision may authorize the award of litigation expenses, it does not require inclusion of fees in the circuit court's judgment. Since a circuit court is "vested with a power to exercise a discretion in awarding costs * * *" (*Ritter v. Ritter* (1943), 381 Ill. 549, 553, 46 N.E.2d 41), and since Rohter cites no specific instance evidencing an abuse of that discretion, we find no abuse of discretion in the circuit court's determination to deny recovery of litigation costs.

In accordance with the aforesaid reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN, P. J., and STAMOS, J., concur.

---

[3] Although American urges this court to vacate the award because it is "completely irrational" (see, e.g., *Swift Industries, Inc. v. Botany Industries, Inc.* (3d Cir. 1972), 466 F.2d 1125, 1131; but see, e.g., *National Railroad Passenger Corp. v. Chesapeake & Ohio Ry. Co.* (7th Cir. 1977), 551 F.2d 136, 143; *Shearson Hayden Stone, Inc. v. Liang* (N.D. Ill. 1980), 493 F. Supp. 104, 108), we decline to circumvent the Illinois standard of review of arbitration awards as expressed in *Garver v. Ferguson.*