BURD, INC., Plaintiff and Petitioner-Appellant, v. STONEVILLE FURNITURE COMPANY, Defendant and Respondent-Appellee.

First District (4th Division)   No. 84—1434

Opinion filed May 23, 1985.

Tews, Theisen & Theisen, of Chicago (Scott W. Peterson, of counsel), for appellant.

Ross & Hardies, of Chicago (Keith P. Schoeneberg and Debra B. Homer, of counsel), for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

This action was brought by the plaintiff, Burd, Inc., through a petition to the circuit court of Cook County to vacate an arbitrator's award. The defendant, Stoneville Furniture Company, then filed a motion to dismiss Burd's petition and to confirm the arbitration award. The trial court denied Burd's petition and granted Stoneville's motion to dismiss Burd's petition and also granted Stoneville's motion to confirm the arbitration award. Subsequently, the trial court granted Stoneville's motion for modification of judgment with respect to inter-

est. It is from these orders that Burd now appeals.

On appeal, Burd contends that Stoneville waived its right to arbitrate as a result of its filing a lawsuit in California, that the arbitrator exceeded his powers by refusing or neglecting to rule on the question of jurisdiction, and that Burd was prejudiced by not having an opportunity to brief the merits of the case pending before the arbitrator.

On April 1, 1980, Stoneville and Burd entered into an agreement (the agreement) under which Stoneville agreed to purchase from Burd certain real and personal property located in Azusa, California. The agreement included the following arbitration provision:

"Any dispute between the parties hereto arising out of and under this agreement shall be submitted by them to the American Arbitration Association for arbitration of said dispute or disputes and the decision of said association shall be binding on all parties hereto. Such arbitration shall be conducted in the jurisdiction in which the dispute arose."

A dispute arose over the value of certain accounts receivable transferred by Burd to Stoneville. On November 30, 1981, Stoneville submitted the dispute to arbitration in Chicago. Burd submitted to the arbitration and on January 20, 1983, an arbitration hearing was commenced at the office of the American Arbitration Association. The hearing was continued for the purpose of filing briefs, affidavits and other documentary evidence.

On January 14, 1983, Stoneville filed a complaint against Burd in the United States District Court for the Central District of California alleging Burd's breach of its warranty of good title regarding real property transferred to Stoneville under the agreement. Joined as a plaintiff in that action was Milton Perloff, the chairman of the board of Stoneville. He became a party to the suit as a result of being a personal guarantor on a promissory note executed between Stoneville and Burd.

On February 11, 1983, Burd notified the arbitrator that Stoneville had instituted the California lawsuit. Burd then requested that the arbitrator dismiss the pending arbitration proceeding for the reason that Stoneville's lawsuit constituted a waiver or revocation of the agreement to arbitrate, thereby revoking the authority of the arbitrator.

On April 15, 1983, Burd and Stoneville moved, pursuant to stipulation before any discovery proceedings commenced, to stay the California action pending arbitration, and the Federal court accordingly stayed the California suit. On May 24, 1983, Burd again requested the arbitrator to rule on the question of jurisdiction.

On August 23, 1983, the arbitrator made an award in favor of Stoneville. Subsequently, Burd filed his petition to vacate the arbitrator's award. The trial court then denied the petition and granted Stoneville's motion to dismiss the petition and to confirm the arbitrator's award.

The first issue Burd raises on appeal is whether Stoneville waived its right to arbitrate the dispute in Chicago by filing a lawsuit in California. Pursuant to paragraph 23 of the agreement, the parties agreed that the agreement would be construed under the laws of the State of California.

■■ In California, as a matter of public policy, arbitration is a strongly favored means of settling disputes. (*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* (1983), 35 Cal. 3d 312, 673 P.2d 251, 197 Cal. Rptr. 581.) Because arbitration is such a highly favored means of settling disputes, the courts have been admonished to closely scrutinize any allegation of waiver of such right. (*Doers v. Golden Gate Bridge, Highway & Transportation Dist.* (1979), 23 Cal. 3d 180, 588 P.2d 1261, 151 Cal. Rptr. 837.) Therefore, the mere filing of a lawsuit does not constitute a waiver of the right to arbitrate (*Golden Gate Bridge, Highway & Transportation Dist.* (1979), 23 Cal. 3d 180, 188, 588 P.2d 1261, 1265, 151 Cal. Rptr. 839, 841), nor does the mere participation in litigation. There must be "judicial litigation of the merits of arbitrable issues." (*Keating v. Superior Court* (1982), 31 Cal. 3d 584, 645 P.2d 1192, 183 Cal. Rptr. 360, *appeal dismissed in part, rev'd in part sub nom. Southland Corp. v. Keating* (1984), 465 U.S. 1, 79 L. Ed. 2d 1, 104 S. Ct. 852.) However, waiver could occur prior to a judgment on the merits if prejudice would be demonstrated. *Doers v. Golden Gate Bridge, Highway & Transportation Dist.* (1979), 23 Cal. 3d 180, 588 P.2d 1261, 151 Cal. Rptr. 837.

Both parties acknowledged that *Keating v. Superior Court* (1982), 31 Cal. 3d 584, 645 P.2d 1192, 183 Cal. Rptr. 360, *appeal dismissed in part, rev'd in part sub nom. Southland Corp. v. Keating* (1984), 465 U.S. 1, 79 L. Ed. 2d 1, 104 S. Ct. 852, sets forth the applicable law regarding waiver of an agreement to arbitrate. However, Burd cites to a recent California high court decision, *Christensen v. Dewor Developments* (1983), 33 Cal. 3d 778, 661 P.2d 1088, 191 Cal. Rptr. 8, a case that is factually on point to the instant matter and one that cites *Keating*. In *Christensen*, the court explained that while there is no single test for establishing waiver, the relevant factors include whether the party seeking arbitration (1) has previously taken steps inconsistent with the intent to invoke arbitration; (2) is unreasonably

delayed in seeking arbitration; (3) has acted in bad faith or with wilful misconduct; or (4) has caused undue prejudice. (*Christensen v. Dewor Developments* (1983), 33 Cal. 3d 778, 782, 661 P.2d 1088, 1091, 191 Cal. Rptr. 8, 10.) In *Christensen*, the plaintiff filed a lawsuit over admittedly arbitrable disputes for the asserted purpose of discovering his opponent's legal theories. One day before the scheduled hearing on the adequacy of his amended complaint, the plaintiff abandoned his action and sought to pursue the matter through arbitration. The court found the plaintiff to have waived his right to arbitrate.

In the instant case, there are several key facts that distinguish it from *Christensen*. First of all, the subject matter for the two disputes in the case at bar are not factually related. While they both derive from the same original buy/sell agreement, the dispute in Chicago involved the value of accounts receivable, while the dispute in California involved an encroachment on real property. This is distinguishable from *Christensen*, wherein the arbitration proceeding and the lawsuit involved the same claim.

Furthermore, the California lawsuit in the instant matter arguably concerns a third party, Milton Perloff, the chairman of the board of Stoneville, who is not a party to the agreement and thus may not be bound by the agreement's arbitration clause. Perloff was a personal guarantor on a promissory note that was part of the financing arrangements of the agreement. Consequently, when the dispute arose in California, Perloff had an interest in its outcome, and, as a nonparty to the agreement, he was able to join with Stoneville in filing the lawsuit. The presence of a nondirect party was clearly absent in *Christensen*. However, the court in *Christensen* did note that such a factor, *i.e.*, the existence of a nondirect party, served to distinguish it from another case, *Doers v. Golden Gate Bridge, Highway & Transportation Dist.* (1979), 23 Cal. 3d 180, 588 P.2d 1261, 151 Cal. Rptr. 837, a case finding no waiver as a result of a nondirect party filing a lawsuit.

Lastly, it is critical to note that the instant parties stipulated to stay proceedings in the California lawsuit pending arbitration of that dispute prior to the commencement of any litigation on the merits. There was no discovery conducted, nor were there any substantive pretrial proceedings. This is in direct contrast to *Christensen*, wherein the plaintiff conducted extensive discovery, filed an amended complaint and admittedly pursued the litigation in order to uncover the defendant's legal theories. Accordingly, the California lawsuit filed by Stoneville represents a "mere filing of a lawsuit," an event California courts have consistently held does not constitute a waiver of the right

to arbitrate.

As a result of the above distinguishing circumstances, together with the fact that there is a strong policy in favor of arbitration, we find that the instant case does not meet the test for establishing waiver as provided in *Christensen*. Moreover, Burd was not able to demonstrate that it suffered any real prejudice as a result of Stoneville's actions. Accordingly, we find that Stoneville did not waive its right to arbitrate the dispute in Chicago by filing a lawsuit in California.

■ The second issue Burd raises on appeal is whether the arbitrator exceeded his powers by failing to address the question of jurisdiction. Burd asserts that on two occasions it raised the question of the arbitrator's jurisdiction as a result of the California lawsuit and that on neither occasion did the arbitrator respond. Rather, the arbitrator finally rendered a decision awarding Stoneville $20,294.16 without mention of Burd's jurisdictional question. Therefore, pursuant to section 12 of the Uniform Arbitration Act, Burd argues that the court should vacate the arbitration award because the arbitrator exceeded his powers. See Ill. Rev. Stat. 1983, ch. 10, par. 112.

The validity of an award is not dependent upon issuance of reasons in support thereof (*Pillott v. Allstate Insurance Co.* (1977), 48 Ill. App. 3d 1043, 363 N.E.2d 460), because it is presumed that an arbitrator did not exceed his powers. (*American Invsco Realty, Inc. v. Century 21* (1981), 96 Ill. App. 3d 56, 420 N.E.2d 692.) Consequently, where an award is challenged as invalid, the challenger has the burden of proving his contention by clear, strong and convincing evidence. (*American Invsco, Inc. v. Century 21* (1981), 96 Ill. App. 3d 56, 59.) Thus, it has been traditionally held that once a good-faith award is announced, it will not be set aside because of an arbitrator's judgment or mistakes of law or fact. (*Garver v. Ferguson* (1979), 76 Ill. 2d 1, 389 N.E.2d 1181.) Accordingly, judicial review of an arbitration award is more limited than appellate review of a trial court's decision. *Garver v. Ferguson* (1979), 76 Ill. 2d 1, 8.

In the instant matter, we have previously determined that Stoneville did not waive its right to arbitrate by filing a lawsuit in California. Given that determination, we find it difficult to see how the arbitrator has exceeded his powers by implicitly reaching the correct decision on the waiver issue. As stated above, it is presumed that an arbitrator did not exceed his powers and it is Burd's burden of proving otherwise by clear, strong and convincing evidence. (*American Invsco Realty, Inc. v. Century 21* (1981), 96 Ill. App. 3d 56, 420 N.E.2d 692.) Burd has failed to meet this very stiff burden of proof.

Accordingly, the trial court did not err in finding that the arbitrator did not exceed his powers.

■ Lastly, Burd contends that it was prejudiced by not having an opportunity to fully brief the merits of the case pending before the arbitrator in Chicago. We disagree.

Burd chose to stand on its waiver defense during arbitration and now is requesting this court to grant it a hearing despite the fact that we found against it on the issue of waiver. This position is contrary to the policy arbitration was designed to promote, that is, to achieve a final disposition of disputes in an earlier, more expeditious and less expensive manner than by litigation. (*Board of Trustees v. Cook County College Teachers Union, Local 1600* (1981), 102 Ill. App. 3d 681, 430 N.E.2d 249.) Moreover, despite Burd's claim that it was prejudiced on the merits, the record reflects that the arbitrator addressed Burd's argument on the merits in his decision. Accordingly, we find no error and affirm the judgment order of the trial court.

Affirmed.

LINN and JOHNSON, JJ., concur.