# DEPARTMENT OF TRANSPORTATION

v.

# MAINE STATE EMPLOYEES ASSOCIATION, SEIU LOCAL 1989.

Supreme Judicial Court of Maine.

Argued March 16, 1992.
Decided April 15, 1992.

Robert N. Moore (orally), Bureau of Employee Relations, Augusta, for plaintiff.

Timothy L. Belcher (orally), Me. State Employees Ass'n, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

The plaintiff, the Department of Transportation (DOT), challenges the judgment entered in the Superior Court (Kennebec County, *Kravchuk, J.*) confirming an arbitration award. On appeal DOT argues that the arbitration award should be vacated because the arbitrator exceeded his power.[1] We disagree and affirm the judgment.

In March 1988, DOT promoted Gerard Waltz, an employee of DOT for ten and one-half years, from a crew leader position to that of highway maintenance foreman. Richard Stilphen, who had been employed by DOT for twenty-three years, was also a candidate for the position. Stilphen filed a grievance through the Maine State Employees Association, SEIU Local 1989 (MSEA) claiming, *inter alia*, that the selection process failed to comply with the provision of article 57, section G of the collective bargaining agreement that states: "Length of service representing satisfactory service to the State is important for any position and will be given appropriate consideration by the appointing authority along with the qualifications for the position." The matter was submitted to arbitration. Following a hearing, the arbitrator found that DOT violated the collective bargaining agreement in several respects and issued an award vacating the foreman position and directing DOT to reconsider the two candidates. After a hearing on DOT's motion to vacate the award, the Superior Court confirmed the award, and DOT appeals.

DOT does not claim the arbitrator exceeded his powers by addressing any issue external to that submitted to him for arbi-

---

1. On application of a party, the court shall vacate an award when the arbitrator has exceeded his powers. 14 M.R.S.A. § 5938(1)(C) (1980).

tration. Rather, it contends that 5 M.R.S.A. § 7052 (1989)[2] controls the factors DOT must consider when filling a vacancy and that 26 M.R.S.A. § 979–D(1)(E)(1) (1988 & Supp.1991)[3] precludes an agreement that violates section 7052. DOT's sole challenge to the award is that article 57, section G(d) of the agreement as interpreted by the arbitrator conflicts with section 7052's "merit and fitness" standard, and thus the award violates public policy and must be vacated.

■ We have previously articulated a narrow standard for determining whether an arbitrator exceeded his authority under 14 M.R.S.A. § 5938(1)(C). We must uphold the Superior Court unless it was compelled to vacate the award. *Concord Gen. Mut. Ins. v. Northern Assurance Co.*, 603 A.2d 470 (Me.1992). A court may not substitute its judgment for that of the arbitrator. It is the arbitrator's construction of a contract that is bargained for, and only when there is a manifest disregard of the contract or the award contravenes public policy will we disturb the award. *See Bureau of Maine State Police v. Pratt*, 568 A.2d 501, 505 (Me.1989). The mere fact that an arbitrator commits an error of law does not mean that he has exceeded his authority. *See In re Appeal of Upper Providence Police Delaware Cty. Lodge # 27 Fraternal Order of Police*, 514 Pa. 501, 526 A.2d 315, 322 (1987); *School Comm. of Waltham v. Waltham Educators Ass'n*, 398 Mass. 703, 706, 500 N.E.2d 1312, 1314 (1986); *Burd, Inc. v. Stoneville Furniture Co.*, 134 Ill.App.3d 149, 88 Ill.Dec. 942, 945, 479 N.E.2d 962, 965 (1985).

■ As we previously have observed, our function "is to review the *award* of an arbitrator and not, necessarily, to search the arbitrator's *opinion* for faulty reasoning." *Maine State Employees Ass'n v. State*, 436 A.2d 394, 398 (Me.1981) (emphasis in original).[4] An arbitrator exceeds his power when the award contravenes public policy requiring conduct "beyond that to which [a] public employer may bind itself or allow itself to be bound." *Local 589, Amalgamated Transit Union v. Massachusetts Bay Transportation Authority*, 392 Mass. 407, 467 N.E.2d 87, 91 (1984) (partially vacating award which contravened statute expressly delegating hiring of part-time employees to discretion of management). *See also In re Appeal of Upper Providence Police*, 526 A.2d at 321–22. The public policy violated by the award, however, must be affirmatively expressed or defined in the laws of Maine. *Pratt*, 568 A.2d at 506.

■ Section 979–D(1)(E) prohibits the parties to a collective bargaining agreement from either restricting or obstructing the force and operation of the personnel laws. *See State v. Maine State Employees Ass'n*, 443 A.2d 948, 951 (Me.1982) (statute establishing reclassification procedures excludes the subject from mandatory bargaining). Thus, just as the parties to a collective bargaining agreement are limited by section 979–D(1)(E) and cannot bargain for a provision violative of section 7052's "merit and fitness" provision, so, too, an arbitrator is foreclosed from requiring conduct that would transgress this statutorily expressed public policy. *See Local 589*, 467 N.E.2d at 91. We do not agree, however, with DOT's argument that the arbitrator's award mandates that it promote an

2. Section 7052 provides that:
 Appointments to and promotions in the classified service shall be made according to merit and fitness.... No person may be appointed, transferred, promoted or reduced as an officer, clerk or employee or laborer in the classified service in any manner or by any means other than those prescribed by law or rule pursuant to this chapter.
 5 M.R.S.A. § 7052 (1989).

3. Section 979–D(1)(E) provides that the obligation to participate in the collective bargaining process "shall not be construed to be in der-

ogation of or contravene the spirit or intent of the merit system principles and personnel laws," and excludes from the collective bargaining process "those matters which are prescribed or controlled by public law."

4. An arbitrator has no obligation to give the reasons for an award. *Maine State Employees Ass'n v. State*, 436 A.2d 394, 398 n. 3 (Me.1981); *cf. Burd, Inc. v. Stoneville Furniture Co.*, 134 Ill.App.3d 149, 88 Ill.Dec. 942, 945, 479 N.E.2d 962, 965 (1985) (arbitrator need not provide reasons for an award).

unqualified candidate in violation of section 7052's "merit and fitness" standard. Chapter 372, 5 M.R.S.A. §§ 7031–7085, governing the state civil service system, does not define the words "merit and fitness" nor articulate those factors that may be considered within the purview of that standard. Moreover, neither the statute nor the collective bargaining agreement provides the weight to be given by DOT to any considered factor when making an appointment or promotion decision. Accordingly, we hold that DOT has failed to establish that the arbitration award violates public policy. *Pratt*, 568 A.2d at 506.

The entry is:

Judgment affirmed.

All concurring.