## DEPARTMENT OF TRANSPORTATION

v.

## MAINE STATE EMPLOYEES ASSOCIATION.

Supreme Judicial Court of Maine.

Argued May 13, 1992.
Decided July 17, 1992.

Julie M. Armstrong (orally), Bureau of Employee Relations, Augusta, for plaintiff.

John R. Lemieux (orally), Maine State Employees Ass'n, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Chief Justice.

Plaintiff Department of Transportation (DOT) appeals from orders of the Superior Court (Kennebec County, *Chandler, J.*) vacating an arbitration award issued by a successor arbitrator and confirming the award issued by the first arbitrator. DOT argues that the first arbitrator had exceeded his powers by reinstating a discharged employee without first making the requisite finding that DOT did not have just cause for dismissing the employee. We conclude that implicit in the arbitrator's award of reinstatement is the necessary finding of no just cause for dismissal. We affirm the orders of the Superior Court.

This appeal is the culmination of a lengthy arbitration process involving two arbitration awards and two applications to the Superior Court to vacate those awards. The parties began the process by submitting the following question:

Did the State have just cause when it discharged Capt. David Howes and if not, what shall the remedy be?

Despite the complex procedural background, the issue before us is relatively simple: whether the first arbitrator exceeded his authority by failing to expressly answer the initial part of the question.

Captain David Howes was discharged for dereliction of duty as a result of his operation of the ferry "Governor Muskie" in a manner contrary to the nautical rules of the road, thereby subjecting the passengers and crew to the risk of collision. According to the State, while proceeding from Islesboro to Lincolnville Beach, the "Governor Muskie" had dangerously crossed the bow of the freighter "M/V Arturo Gomez." The Maine State Employees Association (MSEA) appealed Captain Howes' discharge through the grievance procedures set forth in the collective bargaining agreement. The agreement provided that no employee was to be disciplined without just cause and established steps to resolve the grievance, ending with arbitration. Pursuant to these procedures, DOT and MSEA selected Arbitrator John Mark.

■ After three days of testimony and consideration of the parties' briefs, Arbitrator Mark issued his "Decision and Award," directing that Captain Howes be reinstated and made whole for lost wages and benefits, and that a letter be placed in his file "that caution shall be his watch word in the future." DOT moved to vacate the award on the grounds that Arbitrator Mark exceeded his powers because he did not make the necessary finding of no just cause before issuing a remedy. The Superior Court (*Alexander, J.*) agreed, vacating the Mark award pursuant to 14 M.R.S.A. § 5938 (1980) and subsequently remanding for re-

hearing before a new arbitrator.[1] The second arbitrator, Philip Dunn, found DOT had just cause when it discharged Captain Howes, and dismissed the grievance.[2] MSEA moved to vacate the Dunn award on the basis that the arbitrator exceeded his powers because the Superior Court erred in vacating the first award. The Superior Court (Chandler, J.), vacated the Dunn award, but remanded to Arbitrator Mark for clarification of the "just cause" issue. After clarification, the Superior Court confirmed the Mark award, and the State filed this timely appeal. At issue is whether the Superior Court erred in vacating Arbitrator Mark's award on the basis that he exceeded his authority. If the initial award was erroneously vacated, then the subsequent court orders vacating the Dunn award and confirming the Mark award are appropriate.

■ The Uniform Arbitration Act sets forth the grounds for vacating an arbitrator's award, including when the arbitrator has exceeded his powers. 14 M.R.S.A. § 5938(1)(C). An arbitrator exceeds his authority if all fair and reasonable minds would agree that the award was not possible under a fair interpretation of the collective bargaining agreement. *See Maine State Employees Ass'n v. Maine Dep't of Defense & Veterans' Servs.*, 436 A.2d 394, 397 (Me.1981); *Westbrook School Comm. v. Westbrook Teachers Ass'n*, 404 A.2d 204, 209 (Me.1979). "A mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award."

*MSEA v. Maine Dep't of Defense*, 436 A.2d at 398 n. 3. Moreover, this court reviews the award itself, not the arbitrator's reasoning, to determine if it is rationally grounded in the agreement. *See id.* at 398. With respect to the discharge of employees, the agreement in this case provides that no employee may be disciplined without just cause, and limits discipline to oral reprimand, written reprimand, suspension, demotion, or dismissal.

■ Arbitrator Mark's award reinstated Captain Howes and ordered that a "letter be placed in his file that caution shall be his watch word in the future." Implicit in this award is the arbitrator's determination that DOT may have had just cause to reprimand Captain Howes, but did not have just cause to discharge him. A rational construction of the agreement permits such an interpretation of "just cause." *See Arco-Polymers, Inc. v. Local 8-74*, 671 F.2d 752, 756 (3d Cir.), *cert. denied*, 459 U.S. 828, 103 S.Ct. 63, 74 L.Ed.2d 65 (1982) ("[i]n a proper case, an arbitrator ... may construe a 'just cause' provision of a labor contract to include a progressive discipline requirement and may determine that certain conduct is 'just cause' for discipline but not for discharge," quoting *Mistletoe Express Serv. v. Motor Expressmen's Union*, 566 F.2d 692, 695 (10th Cir.1977)); *Resilient Floor & Decorative Covering Workers, Local Union 1179 v. Welco Mfg. Co.*, 542 F.2d 1029, 1032 n. 4 (8th Cir.1976) (Rejecting employer's argument that any misconduct warranting discipline was sufficient for discharge, the court stated "[i]f 'just cause' means what the company apparently

---

1. The Superior Court concluded that the award was inconsistent with language in the arbitrator's decision to the effect that the Captain may have acted as DOT alleged so that "just cause" may have existed. We reiterate that it is the award itself, and not the arbitrator's reasoning, that must be reviewed in connection with the collective bargaining agreement. *See Maine State Employees Ass'n v. Maine Dep't of Defense & Veterans' Servs.*, 436 A.2d 394, 398 (Me.1981). Assuming an ambiguous award requires recourse to such an inconsistent opinion, however, the better practice is to remand to the same arbitrator for clarification.

2. MSEA then appealed to this Court challenging not the second award, but the Superior Court order vacating the first award. We dismissed the appeal as unripe for appellate review because the second award had not been acted on by the Superior Court as required by 14 M.R.S.A. § 5945(1)(A)–(F). *See Maine Dep't of Transp. v. Maine State Employees Ass'n*, 581 A.2d 813 (Me.1990). We ruled that on remand MSEA would not be barred from seeking judicial review of the first arbitration.

contends, the arbitration of a discharge grievance would benefit no employee unless his conduct and performance had been perfect. Such a construction of the 'just cause' provision in the agreement would emasculate it."). The arbitrator therefore did not exceed his powers and the Superior Court erred in vacating the first award.

The entry is:

Orders of the Superior Court affirmed.

All concurring.