STATE OF MAINE
Cumberland, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No. BCD-CV-2018-38

Sebago Converted Products, )
)
            Plaintiff )
)
    v. )
)
Northern Building Systems, Inc. )
d/b/a Northern Plasma Sales, )
)
            Defendant )
)
    v. )
)
Thermal Dynamics Corporation, )
)
     Third Party Defendant )

ORDER DENYING MOTION TO
VACATE OR MODIFY THE
ARBITRATION AWARD

This matter comes before the Court on the Motion of Defendant and Third Party Plaintiff Northern Building Systems, Inc. ("Northern") to Vacate or Modify the Arbitration Award. For the reasons discussed below, the Court denies Northern's Motion.

BACKGROUND

At the conclusion of mediation on January 18, 2019, the parties entered into a final, comprehensive Settlement Agreement. The parties agreed that Thomas Danylik, Esq., who served as the parties' mediator, would have the authority to resolve disputes regarding the Settlement Agreement. The Settlement Agreement provides in relevant part as follows: "in the event of any dispute regarding the terms and conditions of this settlement, including whether there has been a breach thereof, [the dispute] shall be submitted to Thomas Danylik, Esquire to resolve, which decision shall be final." Settlement Agreement ¶ 13.

1

Sometime after executing the Settlement Agreement, Northern challenged the enforceability of the Settlement Agreement, allegedly because Northern had discovered that certain representations Sebago Converted Products, Inc. ("Sebago") made at the mediation were factually inaccurate. Northern took the position that it would not have agreed to the terms of the Settlement Agreement had it known the factual representations made by Sebago were inaccurate.

Pursuant to the Settlement Agreement's dispute resolution clause, Sebago referred the dispute to Mr. Danylik for resolution. The parties briefed the issues, specifically including Northern's allegation that Sebago had made factually inaccurate representations at the mediation. On April 9, 2019, Mr. Danylik issued his "Arbitration Decision." The Arbitration Decision found in relevant part as follows: "That there is no indication that the Plaintiff, at any time, knowingly and intentionally concealed from the Defendant the fact that the ICNC computer or the control was replaced or changed." Arbitration Decision ¶ 13. Mr. Danylik therefore concluded that "[t]he Settlement Agreement signed at mediation on January 18, 2019 is and remains binding and enforceable upon both parties."

Northern now seeks to vacate or modify the arbitration decision, on the grounds that Mr. Danylik, as arbitrator, exceeded his authority by relying on ¶ 13 of the Arbitration Decision.

ANALYSIS

The Settlement Agreement's dispute resolution provision constitutes an arbitration clause. In Maine, the enforceability of an arbitration clause is governed by the Uniform Arbitration Act, 14 M.R.S. § 5927-5949 (2018). The Uniform Arbitration Act sets forth various grounds for vacating an arbitration award. 14 M.R.S. § 5938(1). Here, Northern

argues only that the arbitrator exceeded his authority. *See* 14 M.R.S. § 5938(1)(C) ("exceeded their powers"). The standard for determining whether an arbitrator exceeded his authority is narrow. *Bureau of Maine State Police v. Pratt*, 568 A.2d 501, 505 (Me. 1989). The court will not substitute its judgment for that of an arbitrator. *Id.* The mere fact that an arbitrator commits an error of law does not mean that he has exceeded his authority. *Me. Dep't of Transp. v. Me. State Employees Ass'n, SEIU Local 1989*, 606 A.2d 775, 777 (Me. 1992). An arbitrator exceeds his authority only if all fair and reasonable minds would agree that the award was not possible under a fair interpretation of the agreement. *Me. Dep't of Transp. v. Me. State Employees Ass'n*, 610 A.2d 750, 752 (Me. 1992). Moreover, judicial review is limited to the award itself, not the arbitrator's reasoning, to determine if the award is rationally grounded in the agreement. *Id.*

In this case, Northern does not argue that Mr. Danylik somehow exceeded the scope of the arbitration clause or otherwise went outside the arbitration clause in reaching his decision. Nor does Northern argue Mr. Danylik lacked the authority to decide the enforceability issue. Rather, Northern argues that the arbitrator exceeded his authority because his finding in ¶ 13 of the Arbitration Decision is erroneous, and because the finding is erroneous, the arbitrator wrongly concluded the Settlement Agreement is enforceable.[1] The Court, however, will not substitute its judgment for that of the arbitrator. Even if Mr. Danylik committed an error in his finding and analysis—which the Court does not believe is the case—that would not mean he exceeded his authority. Indeed, it is not the function of this Court to review the arbitrator's reasoning. Mr. Danylik's determination that the Settlement Agreement remains binding and enforceable is

---

[1] Specifically, Northern argues the arbitrator should have found there was no meeting of the minds to be bound by the Settlement Agreement.

rationally grounded in the agreement itself, including the arbitration clause. Fair and reasonable minds would agree the award is possible under the Settlement Agreement. The Court therefore denies Northern's request to vacate the Arbitration Decision.

Northern also seeks to modify the Arbitration Decision pursuant to 14 M.R.S. § 5939. However, Northern provides no grounds under Section 5939 to justify modifying the Arbitration Decision. There is no evident miscalculation of figures or mistake in the description of anything referred to in the award. Mr. Danylik did not make an award upon a matter not submitted to him. The award cannot be corrected without affecting the merits of the decision. There is no defect in the form of the award. Accordingly, Northern's request to modify the Arbitration Decision is also denied.

For all of these reasons, Northern's Motion is Denied.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this order by reference in the docket.

Dated: May 15, 2019.

_____/s_____

Michael A. Duddy
Judge, Business and Consumer Court

4