**CITY OF HOT SPRINGS, Plaintiff and Appellee,**

v.

**GUNDERSON'S INC., a South Dakota Corporation, Defendant and Appellant,**

and

**Phelps-Benz and Associates, Inc., a Colorado Corporation, Defendant and Appellee.**

No. 13481.

Supreme Court of South Dakota.

Submitted on Briefs Nov. 20, 1981.

Decided July 14, 1982.

Marvin D. Truhe of Lynn, Jackson, Schultz & Lebrun, Rapid City, for appellee City of Hot Springs.

Edward C. Carpenter of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for appellee Phelps-Benz and Associates, Inc.

Joseph M. Butler of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for appellant.

MORGAN, Justice.

This appeal arises from defendant, Gunderson's Inc. (Gunderson's), motion to compel arbitration in a suit brought by the City of Hot Springs (City) against Gunderson's and Phelps-Benz & Associates (Phelps-Benz) for negligence and breach of contract in the construction and design of a city golf course. Only Gunderson's contract with City contained an arbitration clause. The trial court denied Gunderson's motion because Phelps-Benz could not be compelled to arbitrate, thus, a great likelihood of multiple suits existed if Gunderson's prevailed on its motion. We reverse and remand.

Phelps-Benz is an architectural firm which agreed with the City to provide planning and design services for the Southern Hills Golf Course. The contract also included supervision and inspection of the construction of the course. Approximately nine months later, the City entered an agreement with Gunderson's, a construction corporation, for the construction of this golf course. The agreement with Gunderson's included several provisions relating to compulsory arbitration.

A42 CORRECTION OF WORK AFTER FINAL PAYMENT.

.01 The contractor shall remedy any defects due to faulty materials or workmanship and pay for any damage to other work resulting therefrom, which shall appear within a period of one year from the date of final payment, or from the date of the OWNER'S substantial usage or occupancy of the Project, whichever is earlier, and in accordance with the terms of any special guarantees provided in the Contract. The OWNER shall give notice of observed defects with reasonable promptness. All questions arising under this Section shall be decided by GCA subject to arbitration, notwithstanding final payment.

A19 ARBITRATION

.01 All disputes, claims or questions subject to arbitration under this contract shall be submitted to arbitration in ac-

cordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of the American Arbitration Association, and this agreement shall be specifically enforceable under the prevailing arbitration law, and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrator shall be a condition precedent to any right of legal action that either party may have against the other.

.02 The contractor shall not cause a delay of the work during any arbitration proceeding except by agreement with the OWNER. Notice of the demand for arbitration of a dispute shall be filed in writing with the other party to the contract, and a copy filed with the GCA. The demand for arbitration shall be made within a reasonable time after the dispute has arisen; in no case, however, shall the demand be made later than the time of final payment, except as otherwise expressly stipulated in the Contract.

.03 The arbitrators, if they deem that the case requires it, are authorized to award to the party whose contention is sustained such sums as they or a majority of them shall deem proper to compensate him for the time and expense incident to the proceeding and, if the arbitration was demanded without reasonable cause, they may also award damages for delay. The arbitrators shall fix their own compensation, unless otherwise provided by agreement, and shall assess the costs and changes of the proceedings upon either or both parties.

The golf course was completed sometime in September of 1978. During construction, however, the City began experiencing numerous breaks, leaks and insufficient pressure in the underground irrigation sprinkler system. Despite these problems, the City made final payment. Because the problems continued to hamper use of the golf course, the City commenced this lawsuit against Gunderson's and Phelps-Benz. The City alleged that Gunderson's had negligently constructed the golf course and irrigation system and that Phelps-Benz had contributed to this negligence by negligently designing the golf course and irrigation system, as well as, providing negligent supervision and inspection of the construction project. The City also alleged that Gunderson's and Phelps-Benz had breached their respective contracts. For these defects, the City alleged joint and several liability seeking $100,000 in damages.

After discovery had begun but before trial, Gunderson's moved to compel arbitration. This motion was denied and is the subject of the instant appeal in which Gunderson's argue that the trial court erred in denying the motion where it is undisputed that an agreement to arbitrate exists and the opposing party has refused to arbitrate. Essentially, this issue concerns the construction of SDCL 21–25A–5 and 7, which provide:

> On application of a party showing an agreement [to arbitrate], and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied. SDCL 21–25A–5.

> Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under § 21–25A–5 or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay. SDCL 21–25A–7.

▉ A strong policy exists favoring the arbitration of disputes where the parties have bargained for this procedure. *American Nat. Bank of Denver v. Cheyenne Housing,* 562 P.2d 1017 (Wyo.1977). Under the Uniform Arbitration Act, which this state has adopted, doubt is resolved in favor of arbitration. *Bel Pre Med. Ctr., Inc. v. Frederick Contractors, Inc.,* 21 Md.App. 307, 320 A.2d 558 (1974) *rev'd on other grounds,*

274 Md. 307, 334 A.2d 526 (1975). In a radical departure from the common law, the Uniform Arbitration Act constrains the court's authority to the consideration of (1) whether an agreement to arbitrate exists, (2) whether defendant has a duty to arbitrate under the agreement, and (3) whether defendant has breached this duty. *Pettinaro Const. Co. v. Harry C. Partridge, Etc.*, 408 A.2d 957 (Del.Ch.1979); *Layne-Minnesota Co. v. Regents of Univ. of Minn.*, 266 Minn. 284, 123 N.W.2d 371 (1963); *School District No. 46 v. Del Bianco*, 68 Ill.App.2d 145, 215 N.E.2d 25 (Ill.App.Ct.1966); *Warren Brothers Company v. Cardi Corporation*, 471 F.2d 1304 (1st Cir. 1973); *Bernalillo Cty. Med. Center Emp. v. Cancelosi*, 92 N.M. 307, 587 P.2d 960 (1978); *Grover-Dimond Assoc. v. American Arbitration Ass'n*, 297 Minn. 324, 211 N.W.2d 787 (1973). Here, the trial court's decision was based solely upon the risk of multiple suits in different forums arising out of the same facts and circumstances. This was improper inquiry, absent any consideration of the propriety of severing the claims. Since the parties do not contest that the dispute is subject to the arbitration clause, we reverse the decision of the circuit court, denying the motion to compel arbitration, and remand for further proceedings.

All the Justices concur.