[No. 5107-2-III. Division Three. July 5, 1983.]

KENNEWICK EDUCATION ASSOCIATION, *Appellant*, v.
KENNEWICK SCHOOL DISTRICT NO. 17,
ET AL, *Respondents*.

*Judith A. Lonnquist* and *Durning, Webster & Lonnquist*, for appellant.

*Philip M. Raekes* and *Raekes, Rettig, Osborne, Forgette & Brecke*, for respondents.

GREEN, J.—Kennewick Education Association (Association) appeals from a summary judgment dismissing its action to enforce an arbitration award of $45,438.31 in punitive damages. The sole issue is whether the court erred by not enforcing the award. We affirm.

The Association is the certified bargaining representative for education employees of Kennewick School District 17 (District). The collective bargaining agreement (CBA) between the parties provided: (1) arbitration is to be the final step in the grievance resolution procedure; (2) the "[a]greement shall be governed and construed according to the Constitution and Laws of the State of Washington";

and (3) "[t]he arbitrator shall have no power to alter, add to, or subtract from the terms of this collective bargaining agreement." The CBA also defined classroom overload and, in the event it existed, provided for alternatives, including the hiring of additional teachers or, if none were hired, additional compensation for the overload.

A dispute arose between the District and the Association over teacher compensation for classroom overload and a grievance was filed on February 3, 1981. The grievance, not being otherwise resolved, was eventually submitted to arbitration. The arbitrator found the District deliberately violated the terms of the CBA by failing to alleviate classroom overload, and

> the total amounts paid by the District to these teachers with overloads for the entire second semester should then be doubled. Accordingly, the Arbitrator in his AWARD has ordered the District to pay the teachers involved an additional $45,438.31.

In reaching this conclusion, the opinion of the arbitrator states:

> Admittedly, an order by the Arbitrator to the District to pay these teachers an additional $45,438.31, in total, would be in the nature of punitive damages. However, sound judicial and arbitral authority supports the proposition that if a party to a contract has *deliberately* violated a particular provision of a contract, not once but more than once, then an award of punitive damages would be an appropriate remedy.

The parties concede the arbitrator awarded punitive damages.

When the District did not comply with the arbitrator's award, the Association commenced this action to enforce the decision. Both parties moved for summary judgment. The court granted the District's motion. The Association appeals.

The Association contends the arbitrator acted within the authority granted him by the CBA and, therefore, the court erred when it refused to enforce the award. We disagree.

■ The Association is correct that generally arbitrators,

when acting under the authority granted them by both the agreement of the parties and the statutes, become the judges of both the law and the facts and, unless the award on its face shows adoption of an erroneous rule, or mistake in applying the law, the award will not be vacated or modified. *Northern State Constr. Co. v. Banchero,* 63 Wn.2d 245, 249–50, 386 P.2d 625 (1963); *Moen v. State,* 13 Wn. App. 142, 144–45, 533 P.2d 862 (1975). It has long been established that recovery of punitive damages is contrary to the public policy of the State and will not be allowed unless expressly authorized by statute. *Barr v. Interbay Citizens Bank,* 96 Wn.2d 692, 699, 649 P.2d 827 (1981); *Steele v. Johnson,* 76 Wn.2d 750, 751, 458 P.2d 889 (1969); *Spokane Truck & Dray Co. v. Hoefer,* 2 Wash. 45, 25 P. 1072 (1891). The Association's position that an arbitrator may nevertheless award punitive damages leads to the incongruous result noted by the trial judge in his oral decision:

I would hold that the arbitrator had no authority to award punitive damages in any amount under the laws of the State of Washington and that it would be a strange situation, indeed, where an arbitrator would be allowed to fashion punitive damages and for this Court—which could not, had this matter been heard by a Court—could not have awarded punitive damages, and this Court then affirm an arbitrator's award of punitive damages.

We agree.

Moreover, the CBA between the parties provided: "This Agreement shall be governed and construed according to the Constitution and Laws of the State of Washington." CBA art. 1, § 4. An award of punitive damages does not accord with the laws of this State and, therefore, by the terms of the CBA, must be invalidated. Even if the CBA provided for such an award, it is well established that contract provisions are always subject to limitation and invalidation if they contravene public policy. *Whitaker v. Spiegel, Inc.,* 95 Wn.2d 661, 667, 623 P.2d 1147, 637 P.2d 235 (1981).

Affirmed.

Roe, C.J., and Munson, J., concur.