INTERNATIONAL ASSOCIATION OF FIREFIGHTERS LOCAL No. 23, Plaintiff-Appellee, v. THE CITY OF EAST ST. LOUIS, Defendant-Appellant.

Fifth District   No. 5—89—0136

Opinion filed May 15, 1991.

Vickers, Moore & Wiest, of St. Louis, Missouri (Charles L. Wiest, Jr., of counsel), for appellant.

Jack Carey, of Belleville, for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

This is the second time that plaintiff, International Association of Firefighters Local No. 23 (Union), has had to sue the City of East St. Louis (City) to collect a promised allowance for firefighters' clothes.

The first time, we held that the City was obligated to pay a clothing allowance for the years 1981 through 1985. We held this despite the City's contention that the collective bargaining agreement between the parties was ambiguous in that it could be interpreted to mean either that the clothing allowance was to be incorporated into the firefighters' base salary or that the clothing allowance was to be paid in addition to base salary. The City claimed that this ambiguity allowed parol evidence of the parties' intent to be admitted, and the City claimed that the circuit court erred in refusing to admit the parol evidence. We disposed of the City's contention by ruling that the collective bargaining agreement was not ambiguous and that the clothing allowance "applied to years subsequent to 1980." (*International Associates of Firefighters Local No. 23 v. City of East St. Louis* (1988), 171 Ill. App. 3d 1166, 543 N.E.2d 625 (unpublished Rule 23 order).) This first case is referred to in this opinion as *Firefighters I.*

The City, in this case, appeals from the circuit court's order, granting summary judgment, directing the City to pay plaintiff clothing allowances for the years 1986, 1987, and 1988, and ruling that this court's decision in *Firefighters I* disposed of all issues raised by the City.

The City, in this appeal, claims that: (1) our earlier decision did not cover the clothing allowance for 1986, 1987 and 1988; consequently, the earlier decision only has collateral estoppel effect on this case, as opposed to *res judicata*; and (2) plaintiff's claim must be dismissed for failure to arbitrate the dispute, as required by the collective bargaining agreement.

We affirm.

The cornerstone of the City's argument is that this contract is severable and failure to pay the clothing allowance for any year creates a separate cause of action; therefore, *Firefighters I* does not have *res judicata* effect.

■ *Firefighters I* is a Rule 23 order. Although Rule 23 orders have no precedential value and will not be published, they may be invoked to support claims such as double jeopardy, *res judicata,* collateral estoppel or when the Rule 23 order has become the law of the case. 134 Ill. 2d R. 23.

A threshold issue, then, in this case is whether our statement, "years subsequent to 1980," in *Firefighters I* was *dictum* or language central to the holding of the case. If it was *dictum*, it has no preclusive effect. If it was central to our holding in *Firefighters I*, it will have preclusive effect.

■ Parties and their privies are precluded from litigating in a later case issues that were determined in a previous case. (*Simcox v. Simcox* (1989), 131 Ill. 2d 491, 546 N.E.2d 609.) Commonly called "collateral estoppel," more recently and more accurately called "issue preclusion" (see Restatement (Second) Judgments §27 (1982)) this doctrine is designed: (1) to protect litigants from the burden of retrying identical issues with the same party; (2) to enhance judicial economy by prohibiting repetitive litigation; and (3) to guard against successive inconsistent judgments involving the same issue. *Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 447 N.E.2d 834.

Issue preclusion applies when a party or someone in privity with the party participates in two separate and consecutive cases arising on different causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 461 N.E.2d 959.) That is to say that issue preclusion bars the relitigation of issues that were logically necessary in rendering the prior judgment. *Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 421 N.E.2d 278.

*Firefighters I* involved unpaid clothing allowances for 1981 through 1985. This case involves unpaid clothing allowances for 1986 through 1988. Though different years are involved in each action, the central issue involved in both was whether the City was required under the collective bargaining agreement to pay clothing allowances for the years subsequent to 1980. In other words, the years involved (1981-1985 and 1986-1988) in each action are irrelevant; the only relevant issue is whether the clothing allowance provision covers the life of the collective bargaining agreement, *i.e.*, all years subsequent to

1980. Therefore, the critical inquiry in the case at bar is whether it was logically necessary in *Firefighters I* to determine whether the clothing allowance provision in the collective bargaining agreement covered years subsequent to 1980, and we note here that the legal effect of an instrument raises a question of law. *Northern Illinois Medical Center v. Home State Bank* (1985), 136 Ill. App. 3d 129, 142, 482 N.E.2d 1085, 1095.

In *Firefighters I*, the City argued that the agreement was ambiguous and wanted to present parol evidence that the parties intended that the clothing allowance was meant to be incorporated into the firefighters' base salary, rather than being paid in addition to the base salary. This court in *Firefighters I* held, as a matter of law, that there was no ambiguity, and that "[i]f the parties intended for the provision governing the clothing allowance to have any effect whatsoever, they must have intended for it to apply to years subsequent to 1980." (Slip op. at 5.) We so held because the agreement unambiguously provided for the clothing allowance and because the agreement stated that it "would remain in effect until a new agreement [became] effective."

■ The issue in *Firefighters I* was the applicability of the parol evidence rule. In order to decide that question, the court necessarily first had to decide whether there was an ambiguity. This court decided there was none and based that holding upon its determination that the language of the agreement was plain in that the clothing allowance was not meant to be incorporated into the firefighters' base salary but was separate and meant to cover years subsequent to 1980, the year the agreement was signed. This finding becomes the law of the contract; therefore, the language "years subsequent to 1980" was central to the holding in *Firefighters I*. It, therefore, has preclusive effect on the case at bar.

■ Having decided that the "subsequent years" language is central to our holding in *Firefighters I*, we next address the City's contention that preclusive effect notwithstanding, this is a new cause of action; *res judicata*, now called claim preclusion, does not apply; and plaintiff is required by the agreement to arbitrate this dispute, and its failure to do so defeats the Union's ability to recover. We think this sophistry.

Arbitration, concededly, is a most favored way of settling disputes (*Cencula v. Keller* (1987), 152 Ill. App. 3d 754, 504 N.E.2d 997), and that favor rests in part on the industrial peace obtained through consistency of arbitration results. In the case at bar, the City's position raises the possibility of inconsistent results, thereby fostering turmoil rather than peace between the City and the Union. For example, the

arbitrator might take the position in this case that the decision in *Firefighters I* had no preclusive effect in the arbitration; if so, then the arbitrator could rule that the contract does not provide for a clothing allowance, a result that is not only inconsistent with the decision in *Firefighters I*, but also would be a poor midwife of industrial peace. Securing industrial peace aside, however, one scenario drives home the point that preclusion should apply.

Suppose the arbitrator were to rule that *Firefighters I* precluded any decision other than the decision that the clothing allowance was not incorporated into the base salary but was to be paid in addition to base salary, *i.e., Firefighters I* had become the law of the contract; in that instance, the only decision the arbitrator could render would be the award of the clothing allowance to the Union, thereby making the resort to arbitration a useless step; the City's demand that the Union perform this useless step is one more poor midwife of industrial peace. The only reasons the City would insist on arbitration would be either to delay the inevitable, to frustrate, to stir the caldron of turmoil, or to escape the bonds of its promise in a technical way by calling upon a court to accept its argument that even though the clothing allowance had become the law of the contract, the Union's failure to arbitrate would defeat their claim. This is a rotten stew the City sets before us, and we refuse to eat. This argument would mean that the City escapes, even though the arbitrator, to secure industrial peace, to avoid inconsistent results, to promote economy in litigation, and to protect the Union from the burden of retrying an issue already decided, would be bound by the decision in *Firefighters I*. We cannot ingest this. The plain fact is the City is trying to litigate an issue previously decided, and this issue is the only issue of consequence in the case at bar.

■ Alternatively, the City claims it should be given an opportunity to raise the affirmative defense that the Union did not file a grievance in 10 days as required by the collective bargaining agreement.

We note that the City failed to answer the Union's complaint. Thus, the City's arbitration defense was never raised by the City in any pleading. According to the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, 2—613(d)), any affirmative defense not expressly stated in the pleading which would take the opposite party by surprise must be plainly set forth in the the answer or reply. Arbitration is an affirmative defense. (See *Federated Equipment & Supply Co. v. Miro Mold & Duplicating Corp.* (1988), 166 Ill. App. 3d 670, 520 N.E.2d 80.) A defense not properly pled is deemed waived, even

though it may appear to be within the evidence. (*Alco Standard Corp. v. F. & B. Manufacturing Co.* (1970), 132 Ill. App. 2d 24, 265 N.E.2d 507.) The City, therefore, has waived its affirmative defense.

■■ The City also waived arbitration by submitting *Firefighters I* to a court, rather than to an arbitrator. The Labor Relations Act (Ill. Rev. Stat. 1989, ch. 48, par. 1608) provides for mandatory "arbitration of disputes concerning the administration [and] interpretation of the agreement." Under the Uniform Arbitration Act, arbitrators, not courts, determine questions of law, *i.e.*, they determine the law of the collective bargaining agreement. See Mentschikoff, *Commercial Arbitration*, 61 Colum. L. Rev. 846, 856 (1961); Ill. Ann. Stat., ch. 10, par. 30, Introductory Notes (Smith-Hurd 1975).

In *Firefighters I*, the City did not object to the circuit court, rather than an arbitrator, interpreting the collective bargaining agreement. Indeed, the City appealed contending that the circuit court had improperly interpreted the agreement by ruling that the City owed the clothing allowance for the years 1981 through 1985. Thus, the City submitted the question of the law of this collective bargaining agreement to a court, rather than to an arbitrator as would be done under the Uniform Arbitration Act. A party waives arbitration when it submits arbitrable issues to a court. (*Applicolor, Inc. v. Surface Combustion Corp.* (1966), 77 Ill. App. 2d 260, 222 N.E.2d 168; *Kostakos v. KSN Joint Venture No. 1* (1986), 142 Ill. App. 3d 533, 491 N.E.2d 1322; *Atkins v. Rustic Woods Partners* (1988), 171 Ill. App. 3d 373, 525 N.E.2d 551; *Yates v. Doctor's Associates, Inc.* (1990), 193 Ill. App. 3d 431, 549 N.E.2d 1010; *Gateway Drywall & Decorating, Inc. v. Village Construction Co.* (1979), 76 Ill. App. 3d 812, 395 N.E.2d 613.) The City, therefore, has waived arbitration.

The circuit court, therefore, is affirmed.

Affirmed.

GOLDENHERSH and HARRISON, JJ., concur.