CITY OF GUTHRIE, Oklahoma, a
municipal corporation, Appellant,

v.

INTERNATIONAL ASSOCIATION OF
FIREFIGHTERS, LOCAL
2145, Appellee.

No. 74279.

Court of Appeals of Oklahoma,
Division No. 1.

July 9, 1991.

Richard O. Burst, Oklahoma City, for appellant.

James R. Moore, Horning, Johnson, Grove, Moore & Hulett, Oklahoma City, for appellee.

BAILEY, Judge:

Appellant City of Guthrie (City or Appellant) seeks review of the Trial Court's order dismissing City's petition for declaratory judgment, by which City sought an adjudication of the constitutionality of 11 O.S. 1981 § 49-111, or alternatively, the applicability thereof to a dispute with Appellee International Association of Firefighters, Local 2145 (Union or Appellee). Herein, City asserts error of the Trial Court in granting Union's motion to dismiss for what the Trial Court perceived as a lack of subject matter jurisdiction.

From City's petition, we discern the following underlying facts. A City fireman injured his hand playing volleyball, a sanctioned physical fitness activity, while on duty at a City fire station. Pursuant to City policy, the fireman executed a "Worker's Comp. Salary Elect," by which fireman chose to "elect Sick Leave ... in lieu of [State Insurance Fund] payments for first seven (7) days injured." City then filed a Form 2 in the Workers' Compensation Court, and charged the fireman with seven days sick leave.

Union subsequently wrote City, taking issue with City's determination to charge the injured fireman's accumulated sick leave for his time off. Therein, Union asserted such action to be contrary to Union's collective bargaining agreement with City and 11 O.S.1981 § 49-103 et seq., particu-

larly § 49–111, argued to proscribe use of sick leave for on-duty injuries.[1]

City then commenced the instant declaratory judgment action, challenging the constitutionality of 11 O.S. § 49–111 under the Oklahoma Constitution, Art. V, § 46 proscribing special laws "regulating the affairs of counties, cities, towns, wards or school districts," and/or alternatively, seeking an adjudication of the non-applicability of § 49–111 to the parties' dispute. Union filed a motion to dismiss, arguing the parties' controversy to be controlled by the mandatory arbitration provisions of 11 O.S. 1981 § 51–111, and therefore requiring dismissal of City's declaratory judgment action for lack of jurisdiction and for failure to state a claim upon which relief could be granted. 12 O.S.Supp.1984 § 2012(B)(1), (6). After oral argument without presentation of evidence, the Trial Court dismissed City's action. City now appeals as aforesaid.

■ Under the facts and circumstances of this particular case, we find no error by the Trial Court in dismissing City's declaratory judgment action. Clearly, 11 O.S. § 51–111 mandates arbitration in matters concerning application and interpretation of police and fire fighters' collective bargaining agreements. See also, *Voss v. City of Oklahoma City*, 618 P.2d 925 (Okl.1980). In such matters, "[a]ny question regarding the application and interpretation of the collective bargaining agreement is subject to arbitration, and the district court is without jurisdiction to usurp this function." *Taylor v. Johnson*, 706 P.2d 896, 898 (Okl. 1985). And cf., *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960).

■ Accordingly, we do not believe City's constitutional challenge to 11 O.S. § 49–111 ripe for judicial review unless or until the arbitrator determines the applicability or non-applicability of the challenged statute to the parties' controversy, as we foresee the possibility that the arbitrator might determine the matter under the parties' collective bargaining agreement without reference to § 49–111. And see, *Midwest City v. Harris*, 561 P.2d 1357 (Okl. 1977) (district court has no jurisdiction over dispute prior to arbitration). See also, e.g., *Smith v. Westinghouse Elec. Corp.*, 732 P.2d 466 (Okl.1987) (constitutional issues not decided in advance of strict necessity); *Kimery v. Public Svc. Co. of Okla.*, 622 P.2d 1066 (Okl.1980) (constitutionality of statute may not be urged by resort to hypothetical applications); *Anderson v. Walker*, 333 P.2d 570 (Okl.1959) (constitutionality of statute will not be determined until statute is applied or sought to be applied); *Apartments Bldg. Co. v. Smiley*, 26 F.2d 469 (N.D.Okl.1928) (constitutionality of tax assessment cannot be considered where plaintiff has not exhausted administrative remedies). In our view, to hold otherwise would be to encourage, by the mere allegation of constitutional implication, circumvention of the mandatory arbitration procedures established by Oklahoma law in matters such as these.

The order of the Trial Court granting Union's motion to dismiss is therefore AFFIRMED.

GARRETT, P.J., and ADAMS, J., concur.

---

1. Section 49–111 of Title 11, Oklahoma Statutes (1981) provides:

   Whenever any member of the fire department of any municipality, on account of sickness or temporary disability, caused or sustained while in the discharge of the member's duty as such member, and is unable to perform the member's duties, the salary paid by the municipality to the member shall continue while the member is sick or temporarily disabled for a period of not less than six (6) months, after which said period the provisions of Sections 49–103 et seq. may apply.