In the Matter of the Arbitration Between Wayne Arthur **CARLSON**, as Personal Representative of the Estate of Antoinette Carlson and Trustee for the heirs and next of kin of Evald John Alfred Carlson and Antoinette R. Carlson, Decedents, Plaintiff and Appellant,

v.

**FARMERS INSURANCE GROUP OF COMPANIES—FARMERS INSURANCE EXCHANGE,** Defendant and Appellee.

Civ. No. 920126.

Supreme Court of North Dakota.

Nov. 24, 1992.

Craig E. Johnson, of Wegner, Fraase, Nordeng, Johnson & Ramstad, Fargo, for plaintiff and appellant.

Steven L. Marquart, of Cahill, Maring & Marquart, Moorhead, for defendant and appellee.

VANDE WALLE, Justice.

Wayne Carlson, representing the Antoinette Carlson estate and the heirs of Evald and Antoinette Carlson (the Carlsons), appealed from a district court order confirming an arbitration award. We conclude that the Carlsons waived their objections to the arbitration award and that the arbitrator's choice of law was not completely irrational, and we therefore affirm.

Evald and Antoinette were killed when their car was struck by a car driven by Raymond Gregerson, at a highway intersection in Clay County, Minnesota. Raymond drove through a stop sign at the intersection and crashed into the Carlson vehicle. Evald was killed instantly, and Antoinette died about one week later from her injuries. At the time of the accident Evald and Antoinette worked and resided in Fargo, North Dakota. They had an automobile insurance policy with Farmers Insurance Group (Farmers) that was purchased in North Dakota.

The Carlsons filed a claim for underinsured motorist benefits with Farmers. Pursuant to a provision in the insurance policy, this claim was submitted to arbitration. The arbitrator applied Minnesota law and awarded the Carlsons a total sum of $215,047.47, less an amount for the 10 percent negligence attributed to Evald as the driver of the Carlson vehicle.

The Carlsons filed a motion requesting the district court to confirm the arbitrator's award. The district court granted the motion and entered an order on March 3, 1992, confirming the award. The Carlsons appealed to this court, asserting that the award should be set aside because the arbitrator assessed damages using Minnesota law, rather than North Dakota law. Farmers responded that the Carlsons waived their right to object to the arbitration award when they filed a motion requesting the district court to confirm it. We agree that the Carlsons have failed to preserve their objections to the arbitrator's award.

North Dakota's 1987 enactment of the Uniform Arbitration Act is codified in

Chapter 32–29.2, N.D.C.C. Under that Act, a party who is satisfied with an arbitrator's award can request the district court to confirm it, pursuant to Section 32–29.2–11, N.D.C.C. However, a party dissatisfied with an arbitration award can request the district court to vacate it for one of the reasons specified under Section 32–29.2–12, N.D.C.C.[1]

The Carlsons' attorney candidly informed this court at oral arguments that he did not believe that he could successfully raise any of the reasons for vacating the arbitration award under Section 32–29.2–12, N.D.C.C., so, he chose, instead, to request confirmation of the award in order to bring this appeal from the district court's order confirming the arbitration award. Counsel for the Carlsons relies on Section 32–29.2–19(2), N.D.C.C., providing that an appeal to this court from an order of the district court "must be taken in the manner and to the same extent as from orders or judgments in a civil action," as permitting a broader review of the arbitration award in this court than is permitted in the district court under Sections 32–29.2–12 or 32–29.2–13, N.D.C.C.

■ The problem with counsel's strategy is that it contravenes the well-settled principle that a party is limited on appeal to a review of the issues presented to the trial court. *See, e.g., Olmstead v. First Interstate Bank,* 449 N.W.2d 804 (N.D.1989). "Issues not presented to the trial court cannot be considered for the first time on appeal." *Farmers State Bank of Leeds v.*

*Thompson,* 372 N.W.2d 862, 865 at footnote 3 (N.D.1985). The purpose of this rule is to prevent a defendant from inviting error upon the trial court and then seeking to prevail upon appellate review of the invited error. *State v. Moore,* 286 N.W.2d 274 (N.D.1979), *cert. denied,* 446 U.S. 943, 100 S.Ct. 2170, 64 L.Ed.2d 799 (1980). We will not adopt a construction of Section 32–29.2–19(2), N.D.C.C., which contravenes this basic and long-held tenet of judicial review. The Carlsons, having requested the district court to confirm the arbitrator's award, cannot now object to the arbitration award and seek to have this court vacate it. Nevertheless, because we have not previously ruled that a party cannot seek confirmation of an arbitration award and then appeal from the order confirming the award under Section 32–29.2–19, N.D.C.C., we briefly comment on the merits of the issue raised by the Carlsons on appeal.

■ The Carlsons object to the arbitrator's use of Minnesota law, rather than North Dakota law, to assess damages. Of those reasons under Section 32–29.2–12, N.D.C.C., for vacating an arbitration award, the only one that could arguably apply is Subsection 32–29.2–12(1)(c), N.D.C.C., that the arbitrator "exceeded [his] powers." When a court is requested to vacate an arbitration award on this ground, the award will be vacated only if it is "completely irrational." *Byron's Construction v. State Highway Department,* 448 N.W.2d 630, 632 (N.D.1989).[2] The purpose and effect of this limited review of an arbitration award was summarized in *Scherbenske Excavating v. North Dakota*

---

1. Subsection 1 of Section 32–29.2–12, N.D.C.C., specifically enumerates the grounds upon which a party can request the court to vacate an arbitration award:

   "1. On application of a party, the court shall vacate an award if:

   "a. The award was procured by corruption, fraud, or other undue means;

   "b. There was evident partiality by an arbitrator appointed as a neutral, corruption in any of the arbitrators, or misconduct prejudicing the rights of any party;

   "c. The arbitrators exceeded their powers;

   "d. The arbitrators refused to postpone the hearing after sufficient cause was shown to postpone it or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to section 32–

29.2–05, as to prejudice substantially the rights of a party; or

   "e. There was no arbitration agreement and the issue was not adversely determined in proceedings under section 32–29.2–02 and the party did not participate in the arbitration hearing without raising the objection.

   "The fact that the relief was such that it could not or would not be granted by a court of law or equity is not grounds for vacating or refusing to confirm the award."

2. The "completely irrational" standard embodied in *Scherbenske Excavating v. North Dakota State Highway Department,* 365 N.W.2d 485 (N.D.1985) was unaffected by the adoption of the Uniform Arbitration Act. *See Byron's Const.,* 448 N.W.2d at 632 n. 2.

*State Highway Department,* 365 N.W.2d 485, 489 (N.D.1985):

"[T]he effect of applying the clearly irrational standard of review is to give to the arbitrators every benefit of every doubt. It affords them the widest latitude to exercise their authority and arrive at their decision without the customary restraints of traditional judicial review. It is but a reflection of the strong public policy favoring the arbitration process." [3]

In tort cases we employ a "significant contacts test" for determining which jurisdiction's law should be applied. *Vigen Construction Company v. Millers National Insurance Company,* 436 N.W.2d 254 (N.D.1989). It is not relevant whether a trial court or this court, in applying that choice of law test, would have assessed damages using North Dakota, rather than Minnesota, law. An arbitrator's mere mistake as to fact or law is not a sufficient ground for overturning an arbitration award. *Plymouth–Carver School Dist. v. J. Farmer,* 407 Mass. 1006, 553 N.E.2d 1284 (1990); *Batten v. Howell,* 300 S.C. 545, 389 S.E.2d 170 (1990); *Burd, Inc. v. Stoneville Furniture Co.,* 134 Ill.App.3d 149, 88 Ill.Dec. 942, 479 N.E.2d 962 (1985). The only issue is whether the arbitrator's decision to assess damages using Minnesota law was completely irrational. There are arguably some significant contacts with each of these two jurisdictions. Therefore, the arbitrator's choice of Minnesota law could not be completely irrational. Consequently, the arbitrator's application of Minnesota law is not an appropriate ground to vacate the award under Subsection 32–29.2–12(1)(c), N.D.C.C.

The order confirming the arbitrator's award is affirmed.

ERICKSTAD, C.J., and JOHNSON, MESCHKE and LEVINE, JJ., concur.

---

**3.** *Scherbenske* discusses the divers definitions applied to the term "clearly irrational" by the various jurisdictions employing that standard for judicial review of arbitration awards, noting that "the definitive constituents of a completely irrational award cannot be formulated in the abstract but, like all legal principles, can best be developed on a case-by-case basis." 365 N.W.2d at 488.