**ALLSTATE INSURANCE COMPANY,**
**Plaintiff and Appellee,**

v.

**NODAK MUTUAL INSURANCE COMPANY, Defendant and Appellant.**

**Civ. No. 950082.**

Supreme Court of North Dakota.

Nov. 30, 1995.

Michael J. Morley (argued) of Morley, Morley & Light, Ltd., Grand Forks, for plaintiff and appellee.

Douglas W. Gigler (argued) of Nilles, Hansen & Davies, Ltd., Fargo, for defendant and appellant.

LEVINE, Justice.

Nodak Mutual Insurance Company (Nodak) appeals from a summary judgment declaring that the six-year statute of limitations in N.D.C.C. § 28–01–16 governs its no-fault insurance subrogation dispute with Allstate Insurance Company (Allstate), and ordering that "arbitrators hear and decide Allstate's claim for binding intercompany arbitration" under N.D.C.C. § 26.1–41–17. We affirm that part of the trial court's decision ordering the arbitrators to "hear and decide" Allstate's claim. However, because the arbitrators, rather than the district court, have subject matter jurisdiction under N.D.C.C. § 26.1–41–17 to decide the statute of limitations issue, we vacate that part of the trial court's decision that concludes the six-year statute of limitations is applicable.

On September 2, 1987, Allstate's insured, Colleen Carlson, died when her vehicle collided with a vehicle driven by Nodak's insured, Margo Brusegaard. Allstate paid survivor benefits to Carlson's husband. In 1992, Allstate requested subrogation from Nodak for $24,750.07 in benefits it had paid to Carlson's husband. Nodak refused, asserting that because the claim arose from a wrongful death, the two-year statute of limitations under N.D.C.C. § 28–01–18(4) barred Allstate's claim. Allstate responded that its claim was based on a "liability, express or implied," or a "liability created by statute," making the six-

year statute of limitations under N.D.C.C. § 28–01–16(1) or (2) applicable.

On August 30, 1993, Allstate submitted its subrogation claim to binding intercompany arbitration as required by the equitable allocation provisions of N.D.C.C. § 26.1–41–17.[1] Although Nodak requested the arbitrators to decide the statute of limitations issue, the arbitration panel determined that it "lack[ed] jurisdiction," explaining: "We believe this case is inappropriate for Arbitration as it deals with NDCC statu[ ]tory language governing the issues presented, but would be more appropriately addressed in a court of law."

Allstate then sued Nodak seeking a declaratory judgment for equitable allocation from Nodak. After a default judgment was entered against Nodak, Nodak moved under N.D.R.Civ.P. 60(b) to vacate that judgment. As one of the bases for vacating the default judgment, Nodak argued it was "void" under N.D.R.Civ.P. 60(b)(iv) because the court lacked subject matter jurisdiction under N.D.C.C. § 26.1–41–17. Nodak argued that although the arbitration panel refused to hear the claim, the panel's action "does not confer jurisdiction upon a court that does not otherwise exist." Allstate argued that Nodak's assertion to the arbitration panel of "a question of law, depriv[ed] the arbitrators of jurisdiction." The trial court determined it had "jurisdiction in this matter" and granted Nodak's Rule 60(b) motion based on "mistake, inadvertence and excusable neglect."

In its decision on the merits, the trial court noted that although Allstate styled the action as one for declaratory judgment under N.D.C.C. Chapter 32–23, "[i]t appears that this action could also be considered a proceeding to compel arbitration, giving the

Court jurisdiction" under the Uniform Arbitration Act, N.D.C.C. Chapter 32–29.2. The trial court ruled that Allstate's right of subrogation is governed by the six-year statute of limitations for actions upon liability created by statute, rather than the two-year statute of limitations, and that Allstate's demand for intercompany arbitration within the six-year limitation period was the "commence[ment]" of the action. The trial court ordered that Allstate and Nodak "proceed with arbitration" and that "the arbitrators hear and decide Allstate's claim for binding intercompany arbitration" under N.D.C.C. § 26.1–41–17. Nodak appealed.

I

■ Although the parties do not address on appeal the trial court's authority to rule on the statute of limitations question, we may review issues involving subject matter jurisdiction on our own initiative. *Erickson v. Director, N.D.D.O.T.,* 507 N.W.2d 537, 540 (N.D.1993). The issue here involves which entity, a trial court or an arbitration panel, has authority to decide questions of law in cases of statutorily compelled arbitration. Because this case was originally submitted to arbitration but was rejected by the arbitrators, and because the issue was raised before the trial court, we now decide the issue left open in *American Family Mut. v. Farmers Ins.,* 504 N.W.2d 307, 308 n. 2 (N.D.1993).

Allstate's suggestion that arbitration panels have no jurisdiction to decide legal issues, as opposed to factual issues, is, in major part, incorrect.

At common law, arbitrators were the sole judges of law and fact. In *Burchell v. Marsh,* 58 U.S. 344, 349, 17 How. 344, 349, 15

1. The equitable allocation statute, N.D.C.C. § 26.1–41–17, provides:

"A basic no-fault insurer may recover no-fault benefits paid to or for the benefit of an injured person from the motor vehicle liability insurer of a secured person if:

"1. The injured person has sustained a serious injury; or

"2. The injury results from an accident involving two or more motor vehicles, at least one of which is a motor vehicle weighing more than six thousand five hundred pounds [2948.35 kilograms] unloaded.

"The right of recovery and the amount thereof must be determined on the basis of tort law without regard to section 26.1–41–08 by agreement between the insurers involved, or, if they fail to agree, by binding intercompany arbitration under procedures approved by the commissioner. The amount of recovery under this section may not exceed the limits of liability of the secured person's motor vehicle liability insurance policy or other security, reduced by the amount of the liability for tort claims against the secured person covered by the policy or other security."

L.Ed. 96 (1854), the Supreme Court explained:

"Arbitrators are judges chosen by the parties to decide the matters submitted to them, finally and without appeal. As a mode of settling disputes, it should receive every encouragement from courts of equity. If the award is within the submission, and contains the honest decision of the arbitrators, after a full and fair hearing of the parties, a court of equity will not set it aside for error, either in law or fact. A contrary course would be a substitution of the judgment of the chancellor in place of the judges chosen by the parties, and would make an award the commencement, not the end, of litigation."

Although the Federal Arbitration Act, 9 U.S.C. §§ 1–16, somewhat altered this general common law principle by authorizing the vacation of an arbitration award on specified grounds, arbitrators under the Act continued to have jurisdiction to decide both legal and factual issues. *See, e.g., Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.,* 397 F.2d 594, 598 (3d Cir.), *cert. denied,* 393 U.S. 954, 89 S.Ct. 378, 21 L.Ed.2d 365 (1968); *Saxis Steamship Co. v. Multifacs International Traders, Inc.,* 375 F.2d 577, 581–582 (2d Cir.1967). Likewise, the Uniform Arbitration Act, which similarly permits vacation of an award on specified grounds, did not deprive arbitrators of the authority to decide questions of both law and fact. *See, e.g., Intern. Ass'n of Firefighters v. St. Louis,* 213 Ill.App.3d 91, 157 Ill.Dec. 179, 183, 571 N.E.2d 1198, 1202 (1991); *Layne–Minnesota Co. v. Regents of Univ. of Minn.,* 266 Minn. 284, 123 N.W.2d 371, 377 (1963).

■ This backdrop has led to the currently recognized general rule that arbitrators, acting under the authority granted them by a contract or statute, unless expressly limited by the terms of the contract or statute, are the judges of both the law and the facts. *See, e.g., O & G/O'Connell Jt. V. v. Chase Fam. Ltd. PTP.,* 203 Conn. 133, 523 A.2d 1271, 1281 (1987); *Coronet Ins. Co. v. Booker,* 158 Ill.App.3d 466, 110 Ill.Dec. 616, 619, 511 N.E.2d 793, 796 (1987); *David Co. v. Jim W. Miller Const., Inc.,* 444 N.W.2d 836, 840

(Minn.1989); *Guthrie v. Firefighters Local 2145,* 814 P.2d 161, 162 (Okl.App.1991); *Harold Schnitzer Prop. v. Tradewell Group,* 104 Or.App. 19, 799 P.2d 180, 182 (1990); *Brennan v. General Acc. Fire & Life,* 524 Pa. 542, 574 A.2d 580, 583 (1990); *Kennewick Educ. Ass'n v. Kennewick Sch. Dist.,* 35 Wash.App. 280, 666 P.2d 928, 930 (1983). Nevertheless, courts in some jurisdictions, although seemingly in agreement with the concept that an arbitrator's authority is defined by the contract or statute compelling arbitration, have carved out exceptions to this rule.

Following the general rule, many courts have held that procedural questions, such as the legal effect of statutes of limitations, unless expressly excluded from arbitrability, should be left to the arbitrators once it has been established that the subject matter of the dispute is arbitrable. *See, e.g., John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 556, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964); *FSC Securities Corp. v. Freel,* 14 F.3d 1310, 1312 n. 2 (8th Cir.1994); *O'Neel v. National Ass'n of Securities Dealers,* 667 F.2d 804, 807 (9th Cir.1982); *Conticommodity Services v. Philipp & Lion,* 613 F.2d 1222, 1226 (2nd Cir.1980); *Boys Club v. Fidelity and Deposit Co.,* 6 Cal.App.4th 1266, 8 Cal. Rptr.2d 587, 593 (1992); *Skidmore, Owings & Merrill v. Connecticut G.L. Ins. Co.,* 25 Conn.Sup. 76, 197 A.2d 83, 88 (1963); *Marschel v. Dean Witter Reynolds, Inc.,* 609 So.2d 718, 721 (Fla.Ct.App.1992); *Fenton Area Pub. Sch. v. Sorensen–Gross Const.,* 124 Mich.App. 631, 335 N.W.2d 221, 225 (1983); *Messa v. State Farm Ins. Co.,* 433 Pa.Super. 594, 641 A.2d 1167, 1170 (1994). However, New York courts hold that statutory time limitation questions, as opposed to contractual time limitation questions, are for the courts and not the arbitrators. *See Smith Barney, Harris Upham & Co. v. Luckie,* 85 N.Y.2d 193, 623 N.Y.S.2d 800, 805, 647 N.E.2d 1308, 1313 (1995).

In insurance claim arbitration, some courts have also limited the arbitrator's authority. In 2 R. Long, *The Law of Liability Insurance* § 14A.04, at pp. 14A–13—14A–17 (1995) (footnotes omitted), the author explains:

"Two main theories predominate. Under the first, the arbitrator has limited jurisdiction, based on a literal interpretation of the language of the arbitration clause. The rationale behind this approach, which was initially formulated in New York, is based on contract principles. Pursuant to this approach, the arbitrator may only look to the tort liability of the offending motorist and the extent of any possible damages. 'Coverage' issues, such as whether the claimant was insured, whether the vehicles involved in the accident were insured or not, whether the injuries alleged were caused by the accident, and whether timely notice was given, are considered legal issues and must be determined by a court. Threshold issues such as physical contact with an uninsured or phantom automobile or operation of the vehicle without the permission of the owner, are also properly within the province of the court and may be decided during a stay of arbitration.

"The second main theory gives the arbitrator unlimited jurisdiction. Thus, the arbitrator has the authority to decide all disputes arising pursuant to the insurance contract. Under this approach, the arbitrator may resolve questions of coverage either because the arbitration clause is broad and the coverage question goes to the existence of the claim, or because the arbitration statute compels the arbitration of coverage issues."

The Minnesota Supreme Court has ruled that, in the interest of "consistency" in contractual arbitration of automobile reparation claims, "arbitrators are limited to deciding issues of fact, leaving the interpretation of the law to the courts," thus rendering coverage disputes not arbitrable. *Johnson v. American Family Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn.1988).

■ This court has not similarly limited the authority of arbitrators and has recognized that arbitrators may be judges of both law and fact in a variety of contexts. In *State v. Stremick Const. Co.*, 370 N.W.2d 730 (N.D.1985), a majority of this court, after noting the distinction made by New York courts, adopted the contrary view and held

that the timeliness of a demand for arbitration against the Highway Commissioner is a question for the arbitrators rather than for the courts. In that case, the parties were bound by N.D.C.C. § 24–02–26 to submit to arbitration " 'all controversies between the parties growing out of the contract.' " *Stremick,* 370 N.W.2d at 734–735 (quoting N.D.C.C. § 24–02–31). So too, in *Byron's Const. v. State Highway Dept.*, 448 N.W.2d 630, 635 (N.D.1989), another case involving statutorily compelled arbitration under N.D.C.C. § 24–02–26, we rejected the arbitrator's dismissal for lack of jurisdiction of a tort issue, concluding that the statute made it "an appropriate subject for arbitration." In *Carlson v. Farmers Ins.*, 492 N.W.2d 579, 582 (N.D.1992), an appeal under N.D.C.C. Chapter 32–29.2 from confirmation of an arbitrator's award involving a claim for underinsured motorist benefits, we applied the limited "completely irrational" review standard and said that "[a]n arbitrator's mere mistake as to fact or law is not a sufficient ground for overturning an arbitration award."

As in *Stremick* and *Byron's Const.*, arbitration in this case is the explicit choice of the legislature rather than the result of an agreement between the parties. Because this arbitration panel's jurisdiction stems from a legislative grant, we focus on the extent of the power the legislature granted to the arbitration panel under the equitable allocation statute.

## II

■ The equitable allocation statute, N.D.C.C. § 26.1–41–17, says that the "right of recovery and the amount thereof must be determined on the basis of tort law ... by agreement between the insurers involved, or, if they fail to agree, by binding intercompany arbitration under procedures approved by the commissioner." The statute unambiguously requires that both the right of recovery and the amount of recovery be determined between the no-fault insurers and, absent agreement, by binding intercompany arbitration. *See Imperial Cas. & Indem. v. General Cas.*, 458 N.W.2d 335, 337 (N.D.1990). It places no limits on the arbitrators' authority to decide matters of law.

Under this statutory directive, the Insurance Commissioner has promulgated N.D.A.C. § 45–05–08–01, which also places no limitation on the power of arbitrators:

"Binding intercompany arbitration. The commissioner hereby appoints arbitration forums, inc., as the organization responsible for the arbitration and settlement of disputes between insurance companies under North Dakota Century Code section 26.1–41–17. Arbitration forums, inc., must file a procedures manual for approval with the commissioner. Upon filing and approval of such manual, *all disputes between insurance companies writing no-fault insurance must be resolved by arbitration pursuant to the procedures set forth in said manual.*" (Emphasis added).

■ The rules in the "North Dakota Auto Accident Reparations Act Binding Intercompany Arbitration Rules and Procedures Manual" (*Manual*), approved by the Insurance Commissioner on April 9, 1992, are "designed to promote efficient settlement of claims involving economic loss between no-fault and motor vehicle liability insurers . . . ." *Manual* § 2. The arbitration panel is authorized to make "[a]ny determination as to whether an insurer is legally entitled to recovery from another . . . ." *Manual* § 9. The rules contemplate the filing of answers containing "affirmative defenses," if available, *Manual* § 19(d), and "briefs of the law involved when requested by the arbitration panel hearing the case." *Manual* § 20(g). "A decision of an arbitration panel on issues of fact or law is final and binding." *Manual* § 21(b). The rules specifically recognize that statute of limitations issues are within the arbitration panel's realm of authority.

"*Effect on Statutes of Limitation.* Submission of a case to arbitration under these rules shall have the same force and effect as to insurers with regard to the applicable statute of limitations as if litigation has been instituted. Further, if a matter within the compulsory provisions of these rules is inadvertently placed in litigation, the discontinuance of such litigation for the purpose of arbitration will be considered as a submission to arbitration with regard to the applicable statute of limitations as of the date such litigation was instituted." *Manual* § 14.

■ Under the Federal Arbitration Act and the Uniform Arbitration Act, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *See Moses H. Cone Memorial Hosp. v. Mercury Const.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); *City of Hot Springs v. Gunderson's, Inc.,* 322 N.W.2d 8, 10 (S.D.1982). We, too, have said that "where there is a broad arbitration clause and no exclusion clause, doubt should be resolved in favor of arbitration." *West Fargo Public Sch. Dist. v. West Fargo Ed.,* 259 N.W.2d 612, 620 (N.D.1977). Recognizing "the strong public policy favoring the arbitration process," *Scherbenske Excavating v. North Dakota State Highway Department,* 365 N.W.2d 485, 489 (N.D.1985), we see no persuasive reason to place artificial restrictions on the arbitration panel's authority which are not called for by the equitable allocation statute or its consistent rules and regulations. We conclude that the arbitration panel, and not the trial court, has subject matter jurisdiction to decide the statute of limitations question in this case.

III

We agree with the trial court that this case may be treated as a motion to compel arbitration under N.D.C.C. Chapter 32–29.2, even though the equitable allocation statute does not expressly incorporate the provisions of the Uniform Arbitration Act. In *Rettig v. Taylor Public School District No. 3,* 211 N.W.2d 743, 748 (N.D.1973), a statute compelled arbitration for some disputes between vehicular transportation contract holders and school boards, but did not specifically incorporate the general review procedures contained in the predecessor to the current Uniform Arbitration Act, N.D.C.C. Chapter 32–29. Although the prior law, like the current Act, appeared to apply to contractual agreements for arbitration, *compare* former N.D.C.C. § 32–29–01 with N.D.C.C. § 32–29.2–01, we said that "such express reference is [not] necessary," and, construing the statutes so as to harmonize and sustain them,

held that the provisions of N.D.C.C. Chapter 32–29 applied to the statute compelling arbitration. We believe the same rationale applies in this case, and, as other courts have construed their equivalents to our equitable allocation statute, we conclude that the provisions of the Uniform Arbitration Act, N.D.C.C. Chapter 32–29.2, apply here. *See, e.g., State Farm Mut. Auto. Ins. v. Cabs, Inc.*, 751 P.2d 61, 64 (Colo.1988); *National Indem. Co. v. Farm Bureau Mut. Ins.*, 348 N.W.2d 748, 752 (Minn.1984). *See also* 4 R. Long, *The Law of Liability Insurance* § 28.22, at p. 28–190 (1995). The trial court correctly compelled arbitration under N.D.C.C. § 32–29.2–02.[2]

We vacate that part of the trial court's decision answering the statute of limitations question because even though it may be correct, that is an issue for the arbitrators. We affirm that part of the decision ordering the arbitrators to hear and decide Allstate's claim.

NEUMANN and MESCHKE, JJ., concur.

VANDE WALLE, Chief Justice, dissenting.

The arbitrators, exercising exceptionally good judgment, concluded that the issue of which statute of limitations applied is "more appropriately addressed in a court of law." We should exercise equally as good judgment and decide the issue. In *State v. Stremick Const. Co.*, 370 N.W.2d 730, 735 (N.D.1985), I dissented to the majority holding that the timeliness of a contractor's demand for arbitration was a matter especially within the purview of the arbitration panel rather than an issue for the trial court in an action for declaratory judgment. Because the question did not arise out of the contract as required by the controlling statute, section 24–02–31, NDCC, but rather an interpretation of the statutes, I agreed with the New York rationale that "if the issue of the timeliness of the demand for arbitration arises out of the statutes it is an issue for the courts to decide, whereas if it arises out of the contract it is for the arbitrators to determine." *Stremick,* 370 N.W.2d at 735–36 (VandeWalle, J., dissenting).

That rationale is all the more applicable here, where the basic legal question is which of two statutes of limitation apply to the right of subrogation under section 26.1–41–17, NDCC, the two-year statute in section 28–01–18(4), NDCC, or the six-year statute under section 28–01–16(1),(2), NDCC. This issue has little or nothing to do with the parties or the facts of the instant action. It is a question, the answer to which applies, or should apply, to any subrogation action under section 26.1–41–17, NDCC.

The majority opinion creates the possibility if not the probability of inconsistent conclusions on a pure legal question in that the two-year or six-year statute could apply under identical facts, depending on the view of the arbitrators. Nor is court review of the arbitrators decision a panacea in view of the court's adoption of the "clearly irrational" standard of review of the decision of the arbitrators. *Scherbenske Excavating, Inc. v. North Dakota State Hwy. Dept.,* 365 N.W.2d 485, 487 (N.D.1985) [citing *Nelson Paving Co., Inc. v. Hjelle,* 207 N.W.2d 225 (N.D. 1973)]. Although that standard was borrowed from New York, *see Nelson Paving, supra* at 234, New York, as the majority opinion notes, does not allow arbitrators to determine these issues. *See Smith Barney, Harris Upham & Co. v. Luckie,* 85 N.Y.2d 193, 623 N.Y.S.2d 800, 647 N.E.2d 1308 (1995). If we are to borrow such a broad standard of review from another jurisdiction, we ought also follow the limitations of that jurisdiction as to the matters to which that standard of review is applied. *See Stremick Const. Co.,* 370 N.W.2d at 735 (VandeWalle,

---

2. In *Carlson v. Farmers Ins.*, 492 N.W.2d 579, 581 (N.D.1992), this court, in dicta, applied the "completely irrational" standard of review to a legal question that had been submitted to arbitration under a provision in an insurance policy. *See also Fernandez v. Farmers Ins. Co. of Arizona,* 115 N.M. 622, 857 P.2d 22, 28 (1993). However, some courts have taken a minority view and applied heightened review standards to questions

of law when arbitration is compelled by statute. *See American Universal Ins. Co. v. DelGreco,* 205 Conn. 178, 530 A.2d 171, 179 (1987); *Detroit Auto. Inter–Ins. Exchange v. Gavin,* 416 Mich. 407, 331 N.W.2d 418, 435 (1982). We leave that question for another day when the arbitrators have exercised their jurisdiction to decide legal questions in the first instance, and the parties have appealed and adequately raised the issue.

J., dissenting); *compare Schweigert v. Provident Life Ins. Co.*, 503 N.W.2d 225, 232 (N.D. 1993) [VandeWalle, C.J., concurring specially]. Because which statute of limitations applies is not fact engendered or fact specific but arises out of the statutes, it should be decided by the courts, not the arbitrators.

I concede here, as I conceded in the dissent in *Stremick*, that there is authority from other jurisdictions to support the majority's conclusion. I do not concede we need blindly follow what I consider to be inferior reasoning. For good reason, the arbitrators did not want to decide this issue. It is a classic question of law that is separated from the facts of the dispute. It is a question for the court to decide. Although it might at first appear contrary to my dissent in *Stremick*, because I agree Chapter 32–29.2, NDCC, applies to arbitration under section 26.1–41–17, NDCC, I would also agree that once a court has decided which statute of limitation applies the arbitrators should decide whether or not the demand for arbitration has been timely filed if there is disagreement as to the facts rather than the applicable statute.

Because I believe the question of which statute of limitations applies is one for the courts to decide and because I believe the trial court properly concluded that section 28–01–16, NDCC, applies in that the arbitration claim is an action upon a liability created by a statute, section 26.1–41–17, NDCC, I would affirm in its entirety the trial court's judgment.

SANDSTROM, J., concurs.